UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO VILLASMIL-ESPARZA,

      Petitioner,

    v.                               Case No.:  2:26-cv-02209-SPC-KRH

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Ricardo Villasmil-Esparza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Villasmil-Esparza's reply (Doc. 8).

Villasmil-Esparza is a native of Venezuela who first entered the country on June 19, 2021.  An immigration judge ordered him removed to Venezuela on August 5, 2021, and he was removed on October 14, 2021.  Villasmil-Esparza re-entered the United States on January 30, 2022.  The Department of Homeland Security ("DHS") reinstated the removal order, Villasmil-Esparza expressed fear of returning to Venezuela, and DHS released him under an order of supervision.  Villasmil-Esparza has faithfully complied with the terms of supervision, and he has no criminal record.

On July 1, 2025, Villasmil-Esparza filed a petition for relief under the Violence Against Women Act ("VAWA").  U.S. Citizenship and Immigration

Services issued a Prima Facie Determination on December 4, 2025, which allows Villasmil-Esparza to seek interim benefits—including deferred action—until it expires on December 4, 2026. His VAWA petition is still pending before the USCIS. On June 2, 2026, an immigration judge placed Villasmil-Esparza in withholding-only proceedings. Those proceedings will determine whether the government can remove Villasmil-Esparza to Venezuela.

On April 27, 2026, Villasmil-Esparza reported to Immigration and Customs Enforcement ("ICE") for a check-in appointment. ICE detained him without written notice of the reason for revoking his release or an opportunity to address the reason in an informal interview. Villasmil-Esparza argues his detention violates the Due Process Clause of the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court agrees.

### A. Procedural Due Process

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Villasmil-Esparza's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.  *Zadvydas*, 533 U.S. at 690.  Second, the risk of erroneous deprivation of that interest is substantial here.  The government's actions gave Villasmil-Esparza no opportunity to contest the reasonableness of his detention.  ICE did not give Villasmil-Esparza notice of the reason for his detention or an opportunity to address it.  What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.4(l) and § 241.13(i), the regulations governing revocation of orders of supervision.  Those safeguards include contemporaneous notice of the reason for revocation and a prompt informal interview to address the reason.  Neither occurred here.

Without notice and an interview, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the laws enacted by Congress. Third, while the government has a legitimate interest in executing removal orders, ICE does not show how timely compliance with § 241.4(l) or § 241.13(i)'s notice and interview procedures would have burdened that interest.

### B. *Zadvydas*

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively

reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Villasmil-Esparza's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Villasmil-Esparza has carried his initial burden by showing a good reason to believe

there is no significant likelihood of removal in the reasonably foreseeable future.  There are currently two hurdles to removal: the prima-facie VAWA petition and the ongoing withholding-only proceedings.  There is no indication either issue will be resolved soon.  The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Villasmil-Esparza will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Villasmil-Esparza to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Ricardo Villasmil-Esparza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Villasmil-Esparza within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record